IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EJC6, LLC,

          Plaintiff,

v.

CITY OF JOHNS CREEK,
GEORGIA, JOHNS CREEK CITY
COUNCIL, by and through its
Members, RANDALL JOHNSON,
BRAD RAFFENSPERGER,
KAREN RICHARDSON, IVAN
FIGUEROA, KELLY STEWART,
and HONORABLE MIKE
BODKER,

          Defendants.

1:15-cv-779-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff EJC6, LLC's ("Plaintiff") Motion for Leave to File Second Restated and Amended Petition [8] ("Motion for Leave"), Plaintiff's Motion for Partial Summary Judgment [4], Plaintiff's Second Motion for Partial Summary Judgment [16], Plaintiff's Motion for Leave to File Supplemental Brief [21], Defendants City of John Creek, Georgia (the "City"), Johns Creek City Council (the "Council"), Mr. Randall Johnson, Mr. Brad Raffensperger, Ms. Karen Richardson, Mr. Ivan Figueroa, Ms. Kelly Stewart, and

the Honorable Mike Bodker's ("Defendants") Motion to Dismiss [7] ("Motion to Dismiss"), and Defendants' Motion for Extension of Time to Answer [11] ("Motion for Extension") Plaintiff's Second Restated and Amended Petition.

## I.   BACKGROUND

On October 22, 2013, Plaintiff filed a Petition for Declaratory Relief [1.1] in the Superior Court of Fulton County, Georgia, against Defendants, asserting a state law claim for declaratory judgment that Defendants violated the state constitution.

On March 9, 2015, Plaintiff filed its First Restated and Amended Petition for Declaratory Relief [1.2, 2] ("Amended Petition") in the state court, asserting a claim for declaratory judgment that Defendants violated the state constitution, a Due Process and Equal Protection claim under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, and a state law claim for attorneys' fees and costs under O.C.G.A. § 13-6-11.  The Amended Petition asserts claims based on the Council's allegedly arbitrary and capricious denial of Plaintiff's application for a change of zoning conditions and its "selective, arbitrary, and discriminatory enforcement" of the Johns Creek Zoning Ordinance.[1]

---

[1]     Plaintiff alleges it owns a 6.738 acre parcel of land on the northeasterly side of Hospital Parkway (the "Property").  (Am. Pet. ¶ 6).  The Property originally was a portion of a 42.40 acre tract of land zoned for mixed commercial and residential use.  (Id. ¶¶ 8-9, 11-14).  Plaintiff plans to build multi-family units on the Property, in compliance with the zoning requirement, but the application was denied by the

On March 16, 2015, the action was removed to this Court.  ([1]).[2]

On March 30, 2015, Defendants filed their Motion to Dismiss, seeking dismissal of Plaintiff's Due Process and Equal Protection claims under the Fourteenth Amendment.

On April 16, 2015, Plaintiff filed its Motion for Leave and attached its Second Restated and Amended Petition [8.1] ("Second Amended Petition"). Plaintiff argues it is entitled to file its Second Amended Petition as a matter of right because it is within twenty-one (21) days of service of Defendants' Motion to Dismiss.  (Mot. for Leave at 2).  If leave of the Court is required to amend its Amended Petition, Plaintiff argues, leave should be granted because the Second Amended Petition clarifies Plaintiff's legal theories and the facts supporting them. (Id. at 2-3).

The Second Amended Petition asserts (1) a claim for declaratory judgment that Defendants violated the state constitution; (2) a Fourteenth Amendment Equal Protection claim;[3] and (3) a claim for attorneys' fees and costs under O.C.G.A. § 13-6-11.  (Second Am. Pet. ¶¶ 49-67).  On April 30, 2015, Defendants filed their

---

Council.  (Id. ¶¶ 15-19, 39-43).  Plaintiff alleges that this decision was arbitrary and capricious.  (Id. ¶¶ 44-48).

[2]   The Amended Petition and Plaintiff's Motion for Partial Summary Judgment [4] were filed in the state court, and were attached to Defendants' Notice of Removal.  They were automatically docketed in this case by the Clerk of Court.

[3]   Plaintiff did not reassert its Due Process claim.  (See [10] at 2).

Motion for Extension of Time to Answer Plaintiff's Second Amended Petition until the Court rules on Plaintiff's Motion for Leave.

On May 20, 2015, Plaintiff filed its Second Motion for Partial Summary Judgment [16], seeking summary judgment on its state law constitutional claim. On August 11, 2015, Plaintiff filed its Motion for Leave to File Supplemental Brief [21] to address "new facts" alleged by Defendants.

## II. DISCUSSION

### A. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within twenty-one (21) days of service of the original complaint or within twenty-one (21) days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See Fed. R. Civ. P. 15(a)(1). Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala. Ct. of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so

requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "When the plaintiff has the right to file an amended complaint *as a matter of course,* however, the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." E.g., Williams v. Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (emphasis in original).

B.   Analysis

Plaintiff argues it is entitled to file its Second Amended Petition as a matter of right under Rule 15(a). (Mot. for Leave at 1-2). Because Plaintiff previously amended its Petition before removal, it, out of an abundance of caution, requests that leave to file be granted as it is warranted under Rule 15(a)(2). (Id.).

Rule 81(c)(1) provides that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Rule 15(a)(1), thus, applied upon removal, and Plaintiff had twenty-one (21) days after the Motion to Dismiss was filed, to file its Second Amended Petition. See

5

Fed. R. Civ. P. 81(c)(1); see also Thomason v. Norman E. Lehrer, P.C., 182 F.R.D. 121, 128 (D.N.J. 1998) ("[A]mendment in state court does not deprive [plaintiff] of the one 'free' pre-answer amendment available in federal court under Rule 15."); Talbot v. Sentinel Ins. Co., No. 2:11-CV-01766-KJD, 2012 WL 1068763, at *2 (D. Nev. Mar. 29, 2012) ("[A]mended complaint was filed in state court prior to removal.  Generally, the federal rules do not apply until a case is removed to federal court.").  This is especially true where, as here, it was Plaintiff's Amended Petition that first established federal subject-matter jurisdiction over this case.  See Thomason, 182 F.R.D. at 128.

Plaintiff's amendments largely apply to its Fourteenth Amendment claim, and the requested amendments are the first Plaintiff has made to its federal claim.  An amendment by right within twenty-one days after a motion to dismiss is filed is to allow "the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion."  Fed. R. Civ. P. 15 Advisory Committee's Note to 2009 Amendment.[4]

Plaintiff filed its Motion for Leave less than twenty-one days after Defendants filed their Motion to Dismiss.  The Court is required to accept the

---

[4] Plaintiff, in response to Defendants' arguments in its Motion to Dismiss, chose not to reallege its Due Process claim.  Plaintiff's Fourteenth Amendment Equal Protection claim is realleged.

6

Second Amended Petition without first determining if the amendments are futile or otherwise deficient.  See, e.g., Fed. R. Civ. P. 15(a)(1); Williams, 477 F.3d at 1292 n.6.[5]  Even if Plaintiff did not have the right to amend under Rule 15(a)(1), the Court further determines that leave to amend is warranted.

The Court acknowledges that its delay in considering the amendment question has prolonged this litigation.  The other pending motions, the Court acknowledges, were filed because there was uncertainty over whether Plaintiff was entitled or would otherwise be allowed to file its Second Amended Petition.[6]  Now that the Court has ruled on the amendment request, it hopes to get the case back on track.

Plaintiff's Second Amended Petition is now the operative petition in this action.  As a result, the motions to dismiss and for summary judgment are denied as moot.  See, e.g., Sheppard v. Bank of Am., NA, No. 1:11-CV-4472-TWT,

---

[5] Defendants do not address whether Plaintiff was entitled to file its Second Amended Petition as of right under Rule 15(a)(1), arguing only that amending the petition would be futile.  (Resp. [12] at 7-9).

[6] In their Motion for Extension, Defendants requested an extension of time to respond to the Second Amended Petition until the Court ruled on Plaintiff's Motion for Leave.  (Mot. for Extension at 3).  Defendants did not file a new motion to dismiss, or other responsive pleading, to address the Second Amended Petition.  Plaintiff's Motion for Leave to File Supplemental Brief requests permission to file a brief to address Defendants' argument that Plaintiff's claims are not yet ripe and, thus, the Court lacks jurisdiction.  (Id. at 2-3).  Plaintiff argues this additional briefing is required to address facts that arose after this argument was raised by Defendants.  (Id.).

2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012); see also Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); Saulsberry v. Morinda, Inc., No. 1:07-CV-01542-WSD, 2008 WL 416933, at *4 n.6 (N.D. Ga. Feb. 13, 2008).  Although new motions and memoranda supporting them are now required,[7] these additional pleadings will allow the Court to consider the consolidated arguments on Plaintiff's Fourteenth Amendment claim and the Court's jurisdiction over this matter.[8]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff EJC6, LLC's Motion for Leave to File Second Restated and Amended Petition [8] is **GRANTED**. Following entry of this Order, the Clerk of Court is directed to re-docket the Second Restated and Amended Petition [8.1], as filed on the date of this Order.  Defendants shall file their response to the Second Amended Petition on or before March 11, 2016.

---

[7] The Court notes that the work on the motions that are deemed moot will be useful in preparing to refile any motions.

[8] Because the pending motions to dismiss and for summary judgment are now deemed moot, the Court also denies, as moot, Defendants' Motion for Extension and Plaintiff's Motion for Leave to File Supplemental Brief.  Defendants will have up to and including March 11, 2016, to respond to Plaintiff's Second Amended Petition.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment [4], Second Motion for Partial Summary Judgment [16], and Motion for Leave to File Supplemental Brief [21] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [7] and Motion for Extension of Time to Answer [11] are **DENIED AS MOOT**.

**SO ORDERED** this 19th day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE